**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID B. AHR, and all others similarly
situated,

        Plaintiff,

                                       Case No. 3:15-cv-1464-J-34JBT

vs.

CONVERGENT HEALTHCARE
RECOVERIES, INC., and CP MEDICAL,
LLC,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Convergent Healthcare Recoveries, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 27; Motion), filed on December 10, 2015. Plaintiff David B. Ahr (Ahr) filed a response in opposition to the Motion on December 24, 2015. See Plaintiff's Response in Opposition to Defendant Convergent Healthcare Recoveries, Inc.'s Motion to Dismiss (Doc. 36; Response). Accordingly, the Motion is ripe for review.[1]

---

[1] Defendant Convergent Healthcare Recoveries, Inc. (Convergent) filed a reply to the Response on January 4, 2016. See Convergent Healthcare Recoveries, Inc.'s Reply in Support of Motion to Dismiss (Doc. 37; Reply). However, Convergent violated the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court, Middle District of Florida, by filing this Reply without first obtaining leave of Court to do so. Accordingly, the Court struck the improper Reply. See Order (Doc. 38), dated January 5, 2016. Thus, for purposes of this Order, the Court will not consider the arguments raised in the Reply.

## I.   Background[2]

On August 17, 2015, Ahr received a letter purporting to inform him that he had a past due balance on a debt that he had incurred on October 25, 2007.  See Amended Complaint ¶¶ 37, 44; see also Letter dated August 17, 2015 (Doc. 20-1; Letter), at 1.  The Letter was typed on letterhead bearing Convergent's name and logo.  See Letter at 1.  The Letter stated that the original creditor was Flagler Hospital, Inc. (Flagler), but that Defendant CP Medical, LLC (CP Medical) had purchased the account from Flagler and was the current creditor.  See Amended Complaint ¶¶ 37, 85; see also Letter at 1.  However, in the Amended Complaint, Ahr alleges that in reality, Capio Partners, not CP Medical, had purchased the debt from Flagler.  See Amended Complaint ¶¶ 42, 85.  The Letter made no mention of Capio Partners.  See id. ¶ 87.

On September 9, 2015, Ahr filed this action on behalf of himself and all others similarly situated against Convergent and CP Medical.  See Class Action Complaint Jury Demand at 1 (Doc. 1; Complaint).[3]  In the Complaint, Ahr asserted one count alleging that both Convergent and CP Medical had committed numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) "by sending the 8/17/15 Letter to [Ahr] to collect the alleged Flagler obligation," and by sending letters containing "identical

---

[2] In considering the Motion, the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiffs, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the operative complaint.  See First Amended Class Action Complaint Jury Demand (Doc. 20; Amended Complaint).

[3] Although Ahr filed the Complaint in the United States District Court for the Southern District of Florida, see Complaint at 1, on December 9, 2015, the Southern District of Florida Court entered an Order granting Convergent's request to transfer the case to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).  See Order Granting Motion to Transfer Venue to the Middle District of Florida (Doc. 24), at 6; see also generally Convergent Healthcare Recoveries' Motion to Dismiss and Transfer Venue (Doc. 18; Motion to Dismiss and Transfer Venue), dated November 6, 2015.

material terms" to members of the purported classes.  <u>See</u> <u>id.</u> at 21–22.  On November 6, 2015, Convergent filed its Motion to Dismiss and Transfer Venue.  <u>See</u> <u>generally</u> Motion to Dismiss and Transfer Venue.  In the portions of the Motion to Dismiss and Transfer Venue in which Convergent requested dismissal, Convergent argued both that Ahr did "not allege[] that [Convergent] misidentified itself, as required to state a claim under § 1692e(14)" and that the Complaint was a shotgun pleading.  <u>See</u> <u>id.</u> at 4–5.  On November 16, 2015, CP Medical filed a separate motion to dismiss the claims against it, arguing that Ahr "[did] not allege CP [Medical] sent the letter or had any input into the content of the letter," but rather, "apparently [sought] to hold CP [Medical] vicariously liable for Convergent's alleged conduct."  <u>See</u> Defendant, CP Medical, LLC's, Motion to Dismiss Plaintiff's Class Action Complaint and Incorporated Memorandum of Law (Doc. 19; CP Medical Motion), at 1–2.

After CP Medical and Convergent filed the motions to dismiss, Ahr filed the Amended Complaint, causing the motions to become moot.  <u>See</u> Amended Complaint at 1; <u>see</u> <u>also</u> Order Denying as Moot Defendants' Motions to Dismiss; Requiring Reply to Motion to Transfer Venue, dated November 24, 2015 (Doc. 22), at 1.  In the Amended Complaint, Ahr alleges that Convergent violated various provisions of the FDCPA by sending the Letter to Ahr and by sending letters with identical material terms to members of the purported classes (Count I), that CP Medical violated various provisions of the FDCPA by "act[ing] with Convergent in violation to the FDCPA," sending the Letter to Ahr, and sending letters containing identical material terms to the members of the purported classes (Count II), and that CP Medical "is vicariously liable for the violations of the FDCPA by Convergent" (Count III).  <u>See</u> <u>id.</u> at 22–26.

## II.      Standard of Review

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal quotations omitted); see also Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions," which simply "are not entitled to [an] assumption of truth." <u>See</u> <u>Iqbal</u>, 556 U.S. at 678, 680–81.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).

## III.    Discussion

Convergent moves to dismiss only one of Ahr's numerous FDCPA claims against it—that Convergent violated 28 U.S.C. § 1692e(14).[4]  <u>See</u> Motion at 1.[5]  Title 28 of the United States Code, § 1692e states in part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  28 U.S.C. § 1692e.  The statute then specifies conduct that "[w]ithout limiting the general application of the foregoing, . . . [constitutes] a violation of this section," <u>id.</u>, including "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."  28 U.S.C. § 1692e(14).

Convergent argues that "Section 1692e(14) does not apply to the facts alleged in the [Amended] Complaint, as [Ahr] alleges in the [Amended] Complaint that the letter from [Convergent] misidentified the creditor, CP Medical, and not the alleged debt collector, [Convergent]."  <u>See</u> <u>id.</u> at 1.  Convergent contends that "[a] debt collector [can] only violate[] section 1692e(14) by misidentifying itself, not the creditor, even if the creditor can also be deemed to be a debt collector under the FDCPA."  Motion at 3.  However, in the Motion,

---

[4] Convergent's argument in the instant Motion is virtually identical to its request for dismissal in the Motion to Dismiss and Transfer Venue.  <u>Compare</u> Motion at 1, 3–4 <u>with</u> Motion to Dismiss and Transfer at 1, 3–4, 12.

[5] After Ahr filed the Amended Complaint, CP Medical did not file a new motion to dismiss or renew the arguments raised in the now-moot CP Medical Motion.

Convergent cites no case law for the proposition that a debt collector can only violate 28 U.S.C. § 1692e(14) by misidentifying "itself." <u>See</u> <u>generally</u> Motion.

Moreover, upon review of the Amended Complaint, it appears to the Court that Ahr alleges, at least in the alternative, that both CP Medical and Convergent sent the Letter to Ahr. <u>See, e.g.,</u> Amended Complaint ¶¶ 46, 47, 54 ("The 8/17/15 Letter was sent, or caused to be sent, by persons employed or directed by each of CP Medical and Convergent as a 'debt collector' . . . ."), 56, 57, 58, 65, 66, 69, 92, 93, 99.[6] Ahr is permitted to plead, in the alternative, either that CP Medical and Convergent acted together as debt collectors, or that CP Medical is a creditor who hired Convergent to collect the debt. <u>See</u> <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims."); <u>see</u> <u>also</u> Rule 8(d), Fed. R. Civ. P. ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). Convergent does not argue that CP Medical did not act as one of two debt collectors in this case, but rather, argues summarily that it did not violate 15 U.S.C. § 1692e(14) by misidentifying "the creditor," CP Medical. <u>See</u> Motion at 3. Viewing the pleadings in the light most favorable to the plaintiff, Ahr alleges in the Amended Complaint not that CP Medical is a creditor who "can also be deemed to be a debt collector under the FDCPA," <u>see</u> <u>id.</u>, but rather, that CP Medical acted as one of the debt collectors in this action. Thus, at this early stage in the proceedings and in the absence of legal authority, the Court is unwilling to find Ahr's claim wholly lacking in merit.

---

[6] <u>But</u> <u>see</u> Amended Complaint ¶¶ 44, 48, 49, 51, 53, 54 ("CP Medical directed Convergent to send the 8/17/15 Letter to [Ahr]."), 73 ("[T]he creditor ('CP Medical' in this case) . . . ."), 95.

Accordingly, it is

**ORDERED**:

Convergent Healthcare Recoveries, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 27) is **DENIED** without prejudice to Defendant's ability to renew its arguments in a properly supported motion for summary judgment.

      **DONE AND ORDERED** in Jacksonville, Florida this 7th day of June, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record